**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMEICA,<br>Plaintiff,<br>v.<br>SCOTT JONES,<br>Defendant. | Case No. 2:09-cr-00288-KJD-RJJ<br><br>**ORDER** |

Presently before the Court is Petition of the U.S. Probation Office to modify Conditions of Supervision to permit Polygraph Testing (ECF #109/110).

This matter was heard on November 4, 2026. Defendants opposed the Petition and the Government supported the Petition. At the time of Sentencing, March 6, 2012, the Court imposed as a Special Condition of Supervised Release using what was then the current wording for sex offender treatment which required the Defendant to successfully complete a treatment for sex offenders, which may include polygraph/truth verification testing as approved by the probation officer. Subsequently, the requirement for Sex offender treatment was separated from Polygraph/truth verification testing as approved by the probation officer, as standalone Special Conditions of Supervision.

The Court finds that imposition of a standalone Special Condition of Supervision for polygraph/truth verification as approved by the probation office is appropriate for this Defendant. During a large majority of the polygraphs which were conducted on Defendant, he had what the tester described as “erratic” breathing which at times gave the impression that he was intentionally trying to invalidate the testing. He displayed “deception” on three of his polygraphs. It was discovered that he improperly accessed his wife’s computer. That Probation did

not seek to bring the Defendant before the Court on any of the above circumstances, shows the testing condition is not sought for punitive purposes. The Court further finds that polygraph testing as used by U.S. Probation in the District of Nevada can be a valuable tool in conducting supervision and treatment of this Defendant. Given the facts underlying his conviction, the Court has previously determined that Defendant is not eligible for early termination of supervised release and that polygraph testing will continue to have a strong deterrent effect.

Accordingly, It is Ordered that the Petition of the U.S. Probation Office to Modify Defendant's Special Conditions of Supervised Release (ECF #109/110) to include a standalone provision for polygraph testing is GRANTED as follows:

**Polygraph Testing** – You must submit to polygraph testing at the discretion of the probation officer as a means to ensure that you in compliance with the requirements of your supervision or treatment program.

DATED: November 23, 2026.

HONORABLE KENT J. DAWSON
U.S. DISTRICT COURT JUDGE